# EXHIBIT "A"

Our File No. 2500375
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:

---------------------------------------------------------------------X

Date Purchased:_________

**SUMMONS**

NEASA M. LAVELLE

Plaintiff(s),

-against-

J.B. HUNT TRANSPORT, INC. AND SHAKIEL A. HOWITT

Defendant(s).

---------------------------------------------------------------------X

**The basis of venue is:**
**PLAINTIFF'S RESIDENCE**

**Plaintiff resides at:**
**171-03 Courtney Avenue**
**Flushing, NY 11358**
**County of Queens**

**Plaintiff designates Queens County as Place of Trial**

TO THE ABOVE NAMED DEFENDANT(s):

YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on plaintiff's attorneys within 20 days after service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

DATED: Queens, New York
August 19, 2025
D/A: July 17, 2025

Yours, etc.,

JACK GROSSMAN, ESQ.
MALLILO & GROSSMAN, ESQS.
Attorney for Plaintiff(s)
163-09 Northern Boulevard
Flushing, New York 11358
Tel: (718) 461-6633
2500375

J.B. Hunt Transport, Inc
615 J.B. Hunt Corporate Drive
Lowell AR, 72745

Shakiel A. Howitt.
547 Woodside Avenue
Bridgeport, CT 06606

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
NEASA M. LAVELLE

Plaintiff(s),

-against-

J.B. HUNT TRANSPORT, INC. AND SHAKIEL A. HOWITT

Defendant(s).
-----------------------------------------------------------------------X

VERIFIED COMPLAINT

Index No.:

Plaintiff, NEASA M. LAVELLE, by her attorneys, MALLILO & GROSSMAN, ESQS, complaining of the defendants herein, respectfully show to the Court and allege:

AS AND FOR A FIRST CAUSE OF ACTION

1. That this plaintiff, NEASA M. LAVELLE, was and still is a resident of the County of Queens, City and State of New York.

2. That defendant, SHAKIEL A. HOWITT, was and still is a resident of the County of Fairfield and State of Connecticut.

3. Upon information and belief, and at all times hereinafter mentioned, the defendant, J.B. HUNT TRANSPORT, INC., was and still is a domestic corporation duly organized and existing by virtue of the laws of the State of New York.

4. Upon information and belief, and at all times hereinafter mentioned, the defendant, J.B. HUNT TRANSPORT, INC., was and still is a foreign corporation doing business in the State of New York.

5. Upon information and belief, and at all times hereinafter mentioned, the defendant, J.B. HUNT TRANSPORT, INC. was and still is a sole proprietorship doing business in the State of New York.

6. Upon information and belief, and at all times hereinafter mentioned, the defendant, J.B. HUNT TRANSPORT, INC. was and still is an unincorporated association doing business in the State of New York.

7. That at all times hereinafter mentioned, a certain motor vehicle bearing registration number FYM8687, 2017 Ford, in the State of New York was owned by plaintiff, NEASA M. LAVELLE.

8. That at all times hereinafter mentioned, a certain motor vehicle bearing registration number FYM8687, 2017 Ford, in the State of New York was operated by the plaintiff, NEASA M. LAVELLE.

9. Upon information and belief that at all times hereinafter mentioned, a certain motor vehicle bearing registration number 3725383, 2025 INT, in the State of Indiana was owned by the defendant, J.B. HUNT TRANSPORT, INC..

10. Upon information and belief that at all times hereinafter mentioned, a certain motor vehicle bearing registration number 3725383, 2025 INT, in the State of Indiana was operated by the defendant, SHAKIEL A. HOWITT.

11. Upon information and belief that at all times hereinafter mentioned, at or near the intersection of Queens Midtown Expressway and 69th Lane, in the County of Queens, City and State of New York were and still are public thoroughfares located in said State of New York.

12. That on July 17, 2025 the aforesaid motor vehicle of the defendant was in contact with the motor vehicle operated by the plaintiff, NEASA M. LAVELLE.

13. That said contact took place at or near the intersection of Queens Midtown Expressway and 69th Lane in the County of Queens, City and State of New York.

14. That the aforesaid collision occurred without any fault or negligence on the

part of the plaintiffs contributing thereto and was caused solely and wholly by the defendants negligence.

15. That the defendants were negligent in the operation, maintenance, management and control of their motor vehicle, in causing, permitting and allowing it to come in contact with the plaintiffs vehicle; in failing to give due and proper warning of the movements of their said motor vehicle in order to avoid the accident; in operating their motor vehicle at an excessive rate of speed; in failing to keep a proper lookout upon the highway; and in so operating the said motor vehicle as to cause the same to come into contact, in violation of the statutes, ordinances and regulations in such cases made and provided.

16. That as a result of the foregoing contact the plaintiff, NEASA M. LAVELLE, was caused to be injured.

17. That as a result of the foregoing, the plaintiff, NEASA M. LAVELLE, was caused to suffer a "serious injury" as that term is defined in subdivision 4 of Section 5102 of the Insurance Law of the State of New York, and being a covered person and claiming against a covered person, is entitled to recover for noneconomic loss, including pain, suffering and disfigurement and is entitled to recover for such economic loss as exceeds basic economic.

18. That by reason of the premises and wrongful acts and omissions on the part of the defendants as aforesaid, the plaintiff, NEASA M. LAVELLE, has suffered and will continue to suffer, pain and agony in mind and body and were unable to attend to her duties, all to her damage in the sum which exceeds the jurisdictional limits of all lower court, which would otherwise have jurisdiction.

AS AND FOR A SECOND CAUSE OF ACTION

19. This plaintiff, NEASA M. LAVELLE, repeats, reiterates, and realleges each

and every allegation contained in all preceding paragraphs, inclusive with the same force and effect as if fully set forth herein at length.

20. That as a result of all the foregoing, the plaintiff's 2017 Ford was damaged in the sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiff demands judgment against the defendants in the first cause of action and the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and plaintiff demands judgment against the defendants in the second cause of action and the amount of damages exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

DATED: Queens, New York
August 19, 2025

JACK GROSSMAN, ESQ.
MALLILO & GROSSMAN
Attorney for Plaintiffs
163-09 Northern Blvd.
Flushing, New York 11358
Tel: (718) 461-6633
Our File No. 2500375

2500375
STATE OF NEW YORK )
) SS.:
COUNTY OF QUEENS )

I, NEASA M. LAVELLE, BEING DULY SWORN DEPOSES AND SAYS:

THAT I AM THE PLAINTIFF IN THE WITHIN ACTION.

THAT I HAVE READ THE FOREGOING COMPLAINT AND KNOW THE CONTENTS THEREOF; THE SAME IS TRUE AND TO MY OWN KNOWLEDGE, EXCEPT AS TO THE MATTERS HEREIN STATED TO AS ALLEGED ON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS I BELIEVE IT TO BE TRUE.

Neasa M Lavelle
NEASA M. LAVELLE

SWORN TO BEFORE ME THIS
26 DAY OF August, 2025

Vanessa Martinez
NOTARY PUBLIC

VANESSA MARTINEZ
Notary Public, State of New York
Reg. No. 01MA6094027
Qualified in Queens County
Commission Expires June 16, 2027

OUR FILE# 2500375
Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

NEASA M. LAVELLE

Plaintiff(s),

-against-

J.B. HUNT TRANSPORT, INC. AND SHAKIEL A. HOWITT

Defendant(s).

---

SUMMONS AND VERIFIED COMPLAINT

---

**MALLILO & GROSSMAN**
***Attorneys for Plaintiff(s)***
**163-09 Northern Blvd**
**Flushing, NY 11358**
**Tel: (718) 461-6633**
**Fax: (718) 461-1062**

---

Pursuant to 22 NYCRR 130-1.1A, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: August 19, 2025 Signature Jack Grossman

Jack Grossman, Esq.

---

TO: