UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NEASA M. LAVELLE,                                           :
                                                            :
                Plaintiff,                          :
                                                            :   **SUMMARY REMAND ORDER**
    -against-                                              :   1:25-cv-05967 (DLI) (CLP)
                                                            :
J.B. HUNT TRANSPORT, INC. AND SHAKIEL                       :
A. HOWITT,                                                  :
                                                            :
                Defendant.                          :
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

       On August 19, 2025, Plaintiff Neasa M. Lavelle ("Plaintiff") filed this personal injury and property damage action against Defendants J.B. Hunt Transport, Inc. and Shakiel A. Howitt ("Defendants") in New York State Supreme Court, Queens County. Compl., Dkt. Entry No. 1-1. On October 24, 2025, Defendant removed the case to this Court. Notice of Removal ("Notice"), Dkt. Entry No. 1. The Notice asserts that this Court has subject matter jurisdiction over this action due to the parties' diversity of citizenship. *Id.* ¶ 6. To support its contention that the jurisdictional amount is satisfied, Defendant relies exclusively on Plaintiff's written settlement demand for the amount of $75,000 and Plaintiff's failure respond to a Notice to Admit. *See*, Notice ¶ 5; Def.'s Letter in Response to Order to Show Cause ("Def.'s Letter"), Dkt. Entry No. 10. The Complaint does not state the amount of damages sought by Plaintiff. For the reasons set forth below, this case is remanded *sua sponte* to the state court.

       As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

    A motion to remand the case on the basis of any defect other than lack of subject
    matter jurisdiction must be made within 30 days after the filing of the notice of

> removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See*, *Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Stemmle v. Interlake Steamship Co.*, 2016 WL 4098559, at *3 (E.D.N.Y. July 27, 2016) (quoting *Lupo*, 28 F.3d at 274).

With respect to the amount in controversy jurisdictional requirement for diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).  In this case, Defendant fails to meet its burden to show that the jurisdictional amount has been satisfied, as it relies exclusively on Plaintiff's settlement demand for $75,000 and an inference drawn from Plaintiff's alleged failure to respond to the Notice to Admit.

As an initial matter, Defendant's allegation that Plaintiff's settlement demand meets 28 U.S.C. § 1332(a)'s jurisdictional amount in controversy threshold fails. Plaintiff stated that "the demand for this file is now 75K." Settlement Demand, Dkt. Entry No. 10-1l. Thus, the demand fails to meet § 1332(a)'s explicit requirement that the matter in controversy "*exceeds* the sum or value of $75,000 exclusive of interest and costs." 28 U.S.C. § 1332(a).

Defendant further asserts that Plaintiff admitted that the amount in controversy exceeds $75,000 when Plaintiff failed to respond to the Notice to Admit. *See*, Def.'s Letter at 2-3. This argument also is unpersuasive. New York C.P.L.R. § 3123 provides that "a party may serve upon any other party a written request for admission . . . of the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial." Failure to respond to the written request within twenty days of service deems admitted "[e]ach of the matters of which an admission is requested." *Id.* New York courts agree that "a notice to admit is not to obtain information in lieu of other disclosure devices[.]" *Nacherlilla v. Prospect Park All., Inc.*, 88 A.D.3d 770, 772 (2d Dep't 2011); *Voigt v. Savarino Const. Corp.*, 94 A.D.3d 1574, 1575 (4th Dep't 2012); *Taylor v. Blair*, 116 A.D.2d 204, 205 (1st Dep't 1986).

Here, Defendant cannot rely on Plaintiff's failure to respond to its Notice to Admit as the basis for removal because, in a personal injury action such as this one, N.Y. C.P.L.R. § 3017(c) provides an alternative disclosure device via which Defendant may determine the amount of damages Plaintiff seeks. N.Y. C.P.L.R. § 3017(c) provides, in pertinent part, that a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." Rather than improperly utilizing the Notice to Admit and prematurely removing the action to this Court, Defendant should have availed itself of this provision, pursuant

to which the state court, on motion, is to order the Plaintiff to respond to a demand for total damages. *See, e.g., Gullo v. Burns*, 2013 WL 3364366, at *1 (W.D.N.Y. July 3, 2013) ("Defendants removed this case to federal court prior to requesting any such supplemental demand, and therefore, they are at a disadvantage to proving the amount in controversy to a reasonable probability.").

Moreover, to infer from Plaintiff's silence that the amount in controversy is met is insufficient to establish the "reasonable probability" threshold required to satisfy this essential element of diversity jurisdiction. The Second Circuit has held that "the removal clock *does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought*." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (emphasis added). Thus, Plaintiff's failure to respond to requests conceding that the amount in controversy exceeds $75,000 is insufficient to establish that the jurisdictional amount is satisfied. *See, e.g., Santamaria v. Krupa*, 2015 WL 6760140, at *2 (E.D.N.Y. Nov. 5, 2015) ("Plaintiffs' silence regarding the amount in controversy does not relieve Defendants of their burden to set forth facts in their notice of removal establishing the jurisdictional amount."); *Kum v. Walcott*, 2012 WL 4772072, at *1 (E.D.N.Y. Oct. 5, 2012) (mere fact that plaintiff will not stipulate that damages do not exceed $75,000 "does not show, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied"); *Nogeura*, 2011 WL 5117598, at *2 ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action."). Defendant's action here was hasty and premature.

Finally, neither the Complaint nor the Notice provides any information concerning the nature and extent of Plaintiff's injuries, treatment received, or property damage. As such, the Court is left to guess at the amount in controversy based on the Complaint's boilerplate allegations

4

regarding damages, which do not suffice to establish that this action involves an amount in controversy necessary to support federal diversity jurisdiction.  *See*, *Nogeura*, 2011 WL 5117598, at *3 (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages."). Therefore, because Defendant failed to meet its burden, the Court lacks subject matter jurisdiction over this case.

Accordingly, the Court finds based on the information contained in the Complaint and the Notice, as well as the circumstances of this case, that Defendant has failed to show a reasonable probability exists that Plaintiff's claim is in excess of $75,000.  Therefore, remand to the state court is proper.

For the reasons set forth above, this case is remanded to New York State Supreme Court, Queens County, under Index No. 727423/2025.

SO ORDERED.

DATED:   Brooklyn, New York
         November 12, 2025

                            _____/s/_____
                               DORA L. IRIZARRY
                            United States District Judge